UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| STEVEN MARK HAYDEN, SR., | Case No. 3:24-cv-00334-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| FRED R. CAMPBELL, JASON E. SPINKS, JESSICA NICOLE CAMPBELL, RALPH J. BOLEN, JOEL Z. SCHWARZ, ETHAN M. FEATHERSTONE, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Steven Mark Hayden, Sr. sued Fred R. Campbell, Jason E. Spinks, Jessica Nicole Campbell, Ralph J. Bolen, Joel Z. Schwarz, and Ethan M. Featherstone for impeding his access to the federal courts, conspiracy, unjust enrichment, abuse of process, tortious interference with contractual relations, and negligence. (ECF No. 33 ("FAC")[1].) Numerous motions are pending, but the Court will address Defendants' motions to dismiss ("Motions") because they are dispositive.[2] As further explained below, the Court grants Defendants' Motions because the Court lacks subject matter jurisdiction to hear this case.

///

///

---

[1] The Court denies Defendants' motion to dismiss (ECF No. 18) and motion for summary judgement (ECF No. 19) filed in response to the initial complaint as moot by Plaintiff's filing of the FAC.

[2] Defendants filed three motions to dismiss the FAC. (ECF Nos. 39, 65, 108.) Plaintiff responded (ECF Nos. 51, 91, 116) and Defendants replied (ECF Nos. 56, 95, 117). The Court will address the three motions to dismiss collectively as they raise identical issues.

## II. BACKGROUND

This case follows litigation in Alabama state and federal court and Nevada state court relating to Western Steel, Inc. (*Id.* at 4, 8.) Plaintiff's uncle, William Cashion, is the CEO of Western Steel (ECF No. 18-1 at 3-4.) In 2013, the Circuit Court of Jefferson County, Alabama, Birmingham Division found that Plaintiff and his wife attempted to steal Cashion's assets and overtake ownership of Western Steel (*Id.* at 13-22.)

Following this finding, Plaintiff filed numerous lawsuits against Cashion and his associates, and occasionally judges and court staff, in Alabama and Nevada. (ECF No. 65-5 at 4-6.) Plaintiff's lawsuits frequently allege interference with contractual relations, abuse of process, civil conspiracy, and unjust enrichment. (*Id.* at 5.) Plaintiff did not succeed in any of these suits, and Alabama federal court and the Nevada and Alabama state courts declared him a vexatious litigant. (ECF Nos. 65-5 at 4; 18-1 at 8.)

During the litigation of these lawsuits, the Circuit Court of Jefferson County, Alabama, Birmingham Division, permanently enjoined Plaintiff from presenting himself as an owner of Western Steel and conducting business as Western Steel (ECF No. 33-7 at 2.) On April 17, 2023, the same court found Plaintiff in civil and criminal contempt for violating this order and permanently enjoined him from serving or filing a motion, declaration, or any other document in any court in Alabama without the leave of court. (*Id.* at 2-4.) Plaintiff alleges that "[t]he April 17 2023 order was to interfere with [his] claims as a creditor." (ECF No. 33 at 11.) On August 23, 2024, the same Alabama court again found Plaintiff in criminal and civil contempt, largely for continuing to represent himself as an owner of and conducting business as Western Steel. (ECF No. 33-10 at 1-3.)

Plaintiff now alleges that Defendants impeded his access to the court by moving for contempt to keep Plaintiff in Alabama jail, which prevented him from testifying at hearings. (ECF No. 33 at 13.) He brings the following causes of action: 42 U.S.C. § 1985(2) "First Clause," 42 U.S.C. § 1986; federal declaratory relief "under FRCP 57, 28 USC 2201 and 2202," unjust enrichment, abuse of process, tortious interference with contractual relations, and negligence. (*Id.* at 16-22.)

## III. DISCUSSION

Defendants argue in their Motions that the Court lacks subject matter jurisdiction over this case because there are no questions of federal law before the Court nor diversity of citizenship. (ECF No. 108 at 10-12.) Plaintiff counters that the FAC presents federal questions and the parties in the initial complaint had complete diversity of citizenship. (ECF No. 116 at 5, 7.) The Court agrees with Defendants.

Federal courts are courts of limited jurisdiction. *See, e.g.*, U.S. CONST. art. III; *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction where (1) an action arises under federal law or (2) where complete diversity exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Here, the Court lacks subject matter jurisdiction under both grounds.

### A. Federal Question Jurisdiction

Plaintiff argues that the Court has subject matter jurisdiction based on federal question jurisdiction through 28 U.S.C. § 1331 because "it arises under title 11 US code 105 and 11 USC 362 violations of automatic stay .[sic] This court has exclusive jurisdiction under 28 U.S.C. § 1334(a) .[sic] The federal courts have exclusive jurisdiction over internal revenue service 28 U.S.C. § 1340," and because Defendants violated 42 U.S.C. §§ 1985(2) and 1986.[3] (ECF No. 33 at 4-5, 16.) Defendants counter that these statues do not apply to Plaintiff's claims, and those that do are meritless. (ECF No. 39 at 7-9.)

Federal question jurisdiction exists where a federal question is presented on the face of a plaintiff's properly pled complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A court does not have subject matter jurisdiction over a federal law claim if it is "obviously frivolous." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1131 (9th Cir. 2012) (citing *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 814 (9th Cir. 2002)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is insubstantial, implausible, foreclosed by prior

---

[3]The FAC is largely rambling and unclear in the facts and claims it brings. The Court has done its best to discern Plaintiff's arguments.

3

decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N. Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)); *see also Bell v. Hood*, 327 U.S. 678, 682-683 (1946).

The Court begins with Plaintiff's reliance on federal statutes that do not relate to his claims. First, 11 U.S. Code § 105 and 11 U.S.C. § 362 do not apply to this case because Plaintiff does not sue for violation of an automatic stay.[4] Similarly, 28 U.S.C. § 1334(a) applies to bankruptcy cases and proceedings, and while bankruptcy appears in the facts of this case, Plaintiff brings no relevant bankruptcy claims. The case also does not involve a claim regarding internal revenue or revenue from imports or tonnage, so 28 U.S.C. § 1340 does not apply.

As for the federal statutes that appear to relate to Plaintiff's claims, they are "completely devoid of merit as not to involve a federal controversy." *Steel Co.,* 523 U.S. at 89. Plaintiff's final claims are based on 42 U.S.C. §§ 1985(6) and 1986, which collectively address conspiracies to interfere with a federal right or privilege. Plaintiff appears to argue that Defendants intentionally conspired to prevent his access to the United States Bankruptcy Court, District of Nevada because they obtained contempt orders from Alabama state court in an unrelated proceeding. (ECF No. 33 at 6, 10, 16-17.) It is hard to show frivolousness; a meritless claim is not necessarily a frivolous one.[5]

---

[4]Plaintiff does not cite this code in any of his causes of action and only mentions it in his argument for subject matter jurisdiction. (ECF No. 33 at 4.)

[5]Courts in this circuit have found that the court lacked subject matter jurisdiction due to frivolity based on delusional claims, past actions demonstrating a desire to obtain federal jurisdiction, and where no possible basis for a cognizable claim existed. *See, e.g., O'Brien v. U.S. Dep't of Justice*, 927 F. Supp. 382, 385 (D. Ariz. 1995) *aff'd*, 76 F.3d 387 (9th Cir. 1996) (finding that claims "so bizarre and delusional that they are wholly insubstantial" could not "invoke this Court's jurisdiction"); *Erum v. Cnty. of Kauai*, No. 08-00113 SOM-BMK, 2008 WL 763231, *4 (D. Haw. Mar. 20, 2008), *aff'd*, 369 F. App'x 843 (9th Cir. 2010) (using plaintiff's aggressive approach during the history of the case to find his claims frivolous because they were made predominantly for the purpose of obtaining federal jurisdiction); *Gonzalez v. City of Fresno*, No. 1:11-cv-01458 AWI, 2012 WL 174959, *3 (E.D. Cal. Jan. 20, 2012) ("Plaintiff's allegations that the [defendants] are a[ ] part of a criminal conspiracy related to stalking, phone surveillance, and computer hacking is the type of frivolous claim that is subject to dismissal for lack of jurisdiction.")

See *Cook Inlet Region, Inc.*, 690 F.3d at 1131; *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999). That said, it appears that Plaintiff sues Defendants for conspiracy based on clearly lawful legal actions. This claim is obviously frivolous as Defendants moving for contempt could not amount to a federal controversy. If Plaintiff was unhappy with the Alabama court's contempt order, he should have challenged by appeal rather than suing in this Court. *See* ALA. R. CIV. P. 70A. Moreover, Plaintiff's long-documented history of jumping from court to court does not persuade the Court that the claims he brings are not frivolous. As the 11th Circuit noted when reviewing one of Plaintiff's lawsuits:

> It is obvious from [Plaintiff's] multiple filings, a review of the state court docket, and the prior case filed in the Northern District of Alabama that Plaintiff simply will not accept the state court judgment and keeps court shopping in the vain hope to find someone who will agree with him. Federal court jurisdiction does not work in such a fashion. Enough is enough. This Court finds Plaintiff's filings have crossed the line into the realm of frivolous, malicious, and unreasonable. *Hayden v. Vance*, 708 F. App'x 976, 978 (11th Cir. 2017) (quoting No. 2:15-cv-469-WKW, 2016 WL 4157362, *3 (M.D. Ala. June 28, 2016).

Accordingly, Plaintiff's claims here do not create a federal controversy to sufficiently invoke the Court's federal question jurisdiction. The Court simply does not have federal question jurisdiction to hear Plaintiff's claims.

### B.   Diversity of Citizenship

The Court alternatively could have subject matter jurisdiction over this case if complete diversity existed between the parties, meaning that Plaintiff was not a citizen of the same state as any defendant.[6] *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Plaintiff holds himself out as a Nevada citizen, and while the initial complaint only named Alabama citizens, his FAC included two new defendants who are also Nevada citizens. (ECF No. 33 at 1.) Defendants argue that adding these new defendants destroyed diversity, and Plaintiff counters that because

---

[6]Plaintiff alleges millions of dollars in damages (ECF No. 33 at 22) and accordingly meets the amount in controversy requirement. *See* 28 U.S.C. §1332(a).

"diversity jurisdiction was established in original complaint it may not be divested." (ECF Nos. 108 at 12; 116 at 5.)

Plaintiff's assessment is inaccurate; by adding parties that would have barred jurisdiction in the initial complaint, Plaintiff destroyed jurisdiction in the FAC. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43 (2025) (stating that federal courts look to the amended complaint to determine jurisdiction, and that this "operates in federal-question cases and diversity cases, both to destroy and to create jurisdiction"); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (holding that diversity was destroyed when a party amended a complaint to add a non-diverse party). The Court accordingly does not have diversity jurisdiction.[7]

In sum, the Court does not have subject matter jurisdiction because Plaintiff's FAC does not present a non-frivolous federal question or diversity jurisdiction.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 39, 65, 108) are granted. The Court dismisses this action without prejudice for lack of subject matter jurisdiction.

It is further ordered that Defendants' motion to dismiss (ECF No. 18) and motion for summary judgment (ECF No. 19) are denied as moot.

---

[7]Plaintiff cites *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) for the contention that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." (ECF No. 116 at 5.) However, as noted in *Royal Canin U.S.A., Inc.*, this rule applies only "when an amendment merely substitutes a successor-in-interest for the first-named defendant. In that situation, the former steps into the latter's shoes, and the diversity jurisdiction founded on the initial complaint thus continues." 604 U.S. at 37 n.6 (citing *Freeport-McMoRan Inc.*, 498 U.S. at 428-29). That is not the case here, and as such Plaintiff destroyed diversity by adding Nevada citizens as defendants.

It is further ordered that all remaining pending motions (ECF Nos. 25, 48, 63, 97, 100, 111, 118) are denied as moot.

The Clerk of Court is direct to enter judgment in accordance with this order and close this case.

DATED THIS 11th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE